# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TMH PARKS, LLC,**

    Plaintiff,

vs.                                                          Case No. 4:17cv413-MW/CAS

**CEMANCIA GEORGE,**
**ANTHONY L. ANDERSON,**
**ANY UNKNOWN OCCUPANTS,**

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

On September 13, 2017, a notice of removal was filed by pro se Defendant Cemancia George. ECF No. 1. Defendant George simultaneously submitted an in forma pauperis motion, ECF No. 2, and an answer with a counter-claim against the Plaintiff, ECF No. 3. The motion for in forma pauperis status is signed only by Defendant George. ECF No. 2 at 2. Although it is not entirely complete, it is sufficient to demonstrate that Defendant George lacks the financial resources to pay the filing fee. Accordingly, the motion, ECF No. 2, is granted.

The answer, ECF No. 3, is signed by both Defendant George and Anthony Anderson. *Id.* at 3. However, the notice of removal is signed only by Defendant George. ECF No. 1 at 4. By virtue of the fact that the answer is signed by both Defendant George and Anderson, it will be presumed for present purposes that both persons are Defendants and both consent to removal.[1] *See* 28 U.S.C. § 1446(b)(2)(A) (requiring that "all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Removal of a case from state court is governed by federal law. 28 U.S.C. § 1441. Because federal courts are courts of limited jurisdiction, the only civil actions which may be removed by a defendant to federal court are those in "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because this case is not based on diversity of citizenship (both Plaintiff and Defendants have Tallahassee, Florida residences), it must be clear that the action includes a claim arising under the Constitution, laws, or treaties of the United States.

Here, Defendant George provided the relevant documents from state court. ECF No. 1. Those documents demonstrate that Defendant George

---

[1] Attachments to the notice of removal indicate that the only parties to the lease were TMH Parks and Cemancia George. ECF No. 1 at 17-22.

is a "bona fide tenant" and Plaintiff is the landlord. ECF No. 1 at 1-4; *see also* ECF No. 1 at 4 ("Defendant is a bona fide residential tenant and entitled to the protection of the Federal Court, and entitled to remove this action to Federal Court."). Defendant George contends that Plaintiff "actually filed a Federal Question Action in Leon County Court" which is removable under 28 U.S.C. § 1441. *Id.* at 2.

However, Defendant George acknowledges that the action filed in county court is a "residential eviction." *Id.* The "complaint for eviction" was filed in Leon County Court, case number 2017cc2617. *Id.* at 21. The complaint does not cite to federal court, asserts no federal claims, and presents a state law claim only. A state law eviction complaint is not removable to federal court under 28 U.S.C. § 1441.

It appears, instead, that Defendant George contends removal is appropriate because resolution of this case will involve "a substantial question of Federal Law." *Id.* at 2. Notably, Defendants' answer does not assert a federal issue other than a conclusory statement in the counter-claim that "there is a discrimination issue" in Plaintiff's rental practices. ECF No. 1 at 7-8.

Even if Defendants properly asserted a counter-claim within the answer, pleading a counterclaim does not serve as a basis for removal.

Case No. 4:17cv413-MW/CAS

Under the "well-pleaded complaint rule," courts must look at the complaint to determine if a claim "arises under" federal law, not a counter-claim. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citations omitted). "Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction." Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997). *See also* Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.") (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)); Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 10, 103 S. Ct. 2841, 2847, 77 L. Ed. 2d 420 (1983) ("For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). A defendant may remove a case only if the claim could have been brought in federal court. A residential eviction action is not a claim that may be initiated in federal court; it is a state law claim only. Diversified Properties LLC v. Castleberry, No. 8:17-CV-805-T-36TGW, 2017 WL 2859645, at *1

Case No. 4:17cv413-MW/CAS

(M.D. Fla. July 5, 2017) ("Because the Complaint is a straightforward eviction action seeking removal of the tenant and recovery of past due rent, and does not allege any cause of action that arises under federal law, the Court must remand the case back to state court."). Because this Court lacks jurisdiction over this action, the case must be remanded to the state court from whence it came pursuant to 28 U.S.C. § 1447(c).

Accordingly, it is

**ORDERED:**

1. The motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **REMANDED** to the Second Judicial Circuit of the State of Florida, in and for Leon County, Florida, because this Court lacks jurisdiction over the state law eviction claim presented in the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on September 15, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.